Derbigwy, J.
delivered the opinion of the Court*. This is a suit instituted against a debtor, who has made a regular abandonment of his property to his creditors, and had the proceedings On the failure duly approved, but who obtained no discharge. The demand is made in the general form by one of the creditors in his particular name and for his particular benefit ; and in answer to it the defendant pleads his surrender, and further alleges that he has not since then acquired property more than sufficient to support himself.'
This, suit having been dismissed by the District Judge as improper, the only question raised here-for the consideration of the Court is, whether an action of this kind can be maintained.
It is a well known consequence of the cession of goods that for such debts as were contracted before it and the creditors of which were duly called, it for ever liberates the person of the debtor from imprisonment ; but that, if he has obtained no discharge, his future property, save what is necessary for his support is liable for the payment of those debts,
TII e only difficulty, therefore, is as to the manner in which the creditors may come at that property.
*589 A doubt was suggested whether the syndics, who had the management of the property surreh-d ad, could not under the same authorisation, proceed against the debtor to compel. him to surrender again ; but, upon consideration, we think that the functions of the syndics cease with the administration of the property entrusted to their care, and as soon as their account is rendered and approved.
Upon the nature of the remedy, which the creditors have against their debtor in a case of this kind, our Code is silent. It simply says, “ that “■ after the cession, the debtor is still obliged to “surrender whatever property hé may become “possessed of.” The Partidas on this subject (law 3, tit. 15, part. 5,) are somewhat more explicit, “The debtor, who has made a cession of his goods is not thereafter obliged to answer “any judicial demand which may be brought “ against him by those to whom he is indebted; “ unless he should have made such gains as to “ be able to pay all his debts, or a part of them.” The practice, however, in such a case seems to be'' left undetermined ; at least it is not to be found in any of the books which we have consulted.' But it is obvious that, with the exception of the arrest of the debtor, the same steps must be taken and the same remedy sought, as where a forced surrender takes place for the first time- .
*590 In Febrero de Juicios, book 3, chap. 3, sec. 2, no. 39;. we see that one of the cases in which a sur. render is forced is when one of the creditors has sued out an execution against the debtor, and the others appear in order, to oppose it, praying that he may not be paid in preference to them.
Th e appellant, therefore, had aright to bring the present suit. If the other creditors think it worth their while, they may have the execution stopped", and the property divided among all.
Iris, therefore, adjudged and decreed, that the Judgment of the District Court be reversed, and that this suit be remanded to be tried on its merits.
See post, March Term 1816.

 Martin, J. did not join in this opinion, having been of counsel in the cause.